# EXHIBIT A

ELECTRONICALLY FILED - 2022 Sep 09 2:44 PM - HORRY - COMMON PLEAS - CASE#2022CP2605734

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) <br> ) <br> John Gallman, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Amanda Sutherland, in her individual ) <br> capacity, and the Horry County Department ) <br> of Social Services, ) <br> ) <br> Defendants ) <br> _____) | IN THE COURT OF COMMON PLEAS <br> 15TH JUDICIAL CIRCUIT <br><br> C/A: 2022-CP-26 - _____ <br><br><br> **SUMMONS** <br> **(JURY TRIAL DEMANDED)** |

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Amended Complaint on the Plaintiffs' attorney, Tucker S. Player, at The Player Law Firm, LLC, 512 Village Church Drive, Chapin, South Carolina 29036, within thirty (30) days after the service hereof, exclusive of the date of such service and if you fail to answer the Complaint within the time aforesaid, the Plaintiffs in this action will apply to the Court for the relief demanded in the Amended Complaint.

This 9th day of September 2022.

PLAYER LAW FIRM, LLC

s/Tucker S. Player, Esq.
SC Bar No. 16217
512 Village Church Drive
Chapin, SC 29036
(803) 315-6300
(803) 772-8037 (FAX)

Chapin, South Carolina
September 9, 2022

Page | 1

ELECTRONICALLY FILED - 2022 Sep 09 2:44 PM - HORRY - COMMON PLEAS - CASE#2022CP2605734

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) <br> ) <br> John Gallman, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Amanda Sutherland, in her individual ) <br> capacity, and the Horry County Department ) <br> of Social Services, ) <br> ) <br> Defendants ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> 15TH JUDICIAL CIRCUIT <br><br> C/A: 2022-CP-26 - _____ <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

### Introduction

1. This is an action for money damages under 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and state law tort claims, against Amanda Sutherland, an agent of the Horry County Department of Social Services, and the Horry County Department of Social Services. Defendants

2. The individual Defendant, acting under color of state law as an adult protective services caseworker, violated Plaintiff's rights under the Fourteenth Amendment to the Constitution by depriving him of due process of law. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by intentionally denying him his due process rights under the law for the purpose of unlawfully taking his children from his care and custody. These violations of Plaintiff's rights were committed as a result of policies and customs of the Horry County Department of Social Services, as well as the result of the acts of all Defendants.

Page | 1

## Parties

3. John Gallman (Plaintiff) is a resident of Horry County, South Carolina.

4. At all times material to this complaint, defendant Amanda Sutherland (Sutherland) was employed as a caseworker by the Horry County Department of Social Services. Sutherland is currently a resident of Brunswick, Georgia.

5. The Horry County Department of Social Services (Department) is a political subdivision of the State of South Carolina. Under South Carolina law, the domicile of Horry County Department of Social Services is deemed to be Horry County. Venue and jurisdiction are proper before this Court.

## Facts

6. On September 3, 2019, Plaintiff discovered significant bruising on the inside of his 10 year old daughter's thighs. Plaintiff had witnessed similar bruising over the course of the previous five weeks.

7. The bruising concerned Plaintiff, who was involved with a custody dispute with his former wife. Plaintiff contacted his attorney, Rhett Klok, and informed him of the bruises.

8. Mr. Klok advised Plaintiff to take his daughter to MUSC Childrens' Hospital to be examined by experts.

9. Plaintiff did take his daughter to MUSC and communicated his concern about the bruising and the location thereof.

10. At no time did Plaintiff accuse any person of physical or sexual abuse.

11. After Plaintiff's daughter was examined by the professionals at MUSC, a statutorily mandated report was made by three separate entities: (1) MUSC Child Abuse Crash

ELECTRONICALLY FILED - 2022 Sep 09 2:44 PM - HORRY - COMMON PLEAS - CASE#2022CP2605734

        Team referred Plaintiff's daughter to the Children's Recovery Center, a statutorily designated facility for potentially abused children, for a forensic interview as required by statute; (2) The MUSC Social Worker, Ciara Jones, made a statutorily mandated report to Defendant Sutherland who was the Horry County DSS caseworker on duty;[1] (3) the Horry County Police Department made a statutorily mandated report to Defendant Sutherland who was the Horry County DSS caseworker on duty on September 6, 2019.

12. Despite two reports from Ciara Jones and HCPD, Defendant Sutherland told Plaintiff that she had never received any reports from anyone regarding Plaintiff's daughter. This was a lie.

13. Both Ciara Jones and HCPD Officer Fletcher instructed Plaintiff not to return the child to the mother until the forensic investigation was complete. This is standard protocol in cases of possible child abuse.

14. Upon receiving these instructions from both Ciara Jones and HCPD Officer Fletcher, Plaintiff's lawyer sent an email to the opposing counsel and GAL Russell Hall, instructing them that, pursuant to DSS and law enforcement, the child would not be returned until the investigation was complete.

15. Pursuant to South Carolina statutory law, Defendant Sutherland was required to immediately initiate an investigation based on the two statutorily mandated reports on September 3, 2022 and September 6, 2019. She did not do so. In fact, no investigation was initiated until the afternoon of September 9, 2022.

16. Upon information and belief, Defendant Sutherland coordinated with Plaintiff's ex-wife and/or her attorneys to delay the initiation of the statutorily required investigation in

---

[1] Ciara Jones actually made two reports after she discovered that Amanda Sutherland refused to open the investigation on September 3, 2019 and lied to Plaintiff that she had never received a report from Ms. Jones.

Page | 3

17. order to appear as a witness at the *ex parte* emergency hearing scheduled for the morning of September 9, 2022.

17. Upon information and belief, Defendant Sutherland coordinated with Plaintiff's ex-wife and/or her attorneys to provide an affidavit in support of the ex-wife's *ex parte* emergency hearing to terminate Plaintiff's custody. That affidavit contained false information and openly advocated against Plaintiff maintaining custody of his children.

18. Upon information and belief, at the *ex parte* hearing initiated by Plaintiff's ex-wife, the presiding court was told that the ex-wife did not know where her children were and that Plaintiff had kidnapped the child. This was absolutely false.[2]

19. Upon information and belief, these statements were made with full knowledge of their falsity as Plaintiff's ex-wife was notified through "Our Family Wizard," opposing counsel as notified via an email from Rhett Klok, as was the appointed GAL, Russell Hall.

20. Upon information and belief, the entire *ex parte* hearing was manipulated by Plaintiff's ex-wife in order to schedule the hearing at a time when Plaintiff's counsel was unavailable to appear and present the actual truth of the MUSC referral.

21. An *ex parte* order was filed on September 9, 2022 terminating Plaintiff's custody based on the manufactured evidence presented at the *ex parte*, unrecorded hearing.

22. Once Plaintiff's counsel learned of the improperly obtained order, he made a submission to the family court judge who immediately rescinded his order barring Plaintiff from seeing his children on September 12, 2019.

---

[2] This allegation is upon information and belief because, despite being a statutorily mandated "court of record", the *ex parte* proceedings in which a father's parental rights were essentially terminated was not recorded in any way. This seems to be a regular occurrence in the Horry County Family Court system and is a direct violation of Plaintiff's rights to due process.

Page | 4

23. Upon this reversal, in fact on the same day, Defendant Sutherland and Defendant Horry County DSS initiated a "safety plan" against Plaintiff without any evidence or justification.

24. The initiation of the safety plan was in bad faith, in coordination with private parties, and constituted an intentional fraud on the Court and parties to the custody suit.

25. The safety plan was rescinded and Defendant Sutherland was eventually taken off of the case, but not before the damage was done.

26. Upon rescinding the original Order, Judge Norton scheduled a second hearing on the matter on September 23, 2022.

27. During that hearing, Defendants' DSS and Sutherland provided the same false evidence against Plaintiff and the hearing resulted in Plaintiff being enjoined from visiting or even speaking with his children for 362 days.

28. The acts and omissions of the individual Defendants deprived Plaintiff of his Due Process rights by intentionally bypassing the statutorily mandated process for reports of child abuse, defrauding the family court, conspiring with private parties and their counsel to manipulate a child custody proceeding, and retaliating against Plaintiff for rescinding the illegal order procured on September 9, 2019.

29. The acts and omissions of the individual Defendants deprived Plaintiff of his children for 362 days, and depriving him of the liberty and freedom guaranteed under the Fourth and Fourteen Amendment to the Constitution.

30. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. violation of his Due Process rights under the Fourteenth Amendment to the United States Constitution to proper notice of proceedings and the right to counsel

with regard to the manufactured ex parte hearing on September 9, 2019 resulting in the removal of his children for 362 days;

b. physical pain and suffering, and emotional trauma and suffering, incurring significant unnecessary medical expense and resulting in permanent injury;

31. The actions of Defendants were intentional acts, grossly negligent, and proximately caused injuries and damages to Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Constitutional Rights)

32. Plaintiff realleges each and every allegation set forth above as if set forth herein verbatim.

33. Defendants' actions, as described above, were arbitrary, capricious, fundamentally unfair, and driven by improper motive.

34. Plaintiff was provided no due process as the proceedings were tainted by fraud and improper collusion.

35. Upon information and belief, Defendants' misconduct was willful, wanton or with such reckless disregard for and conscious indifference to the interest and rights of Plaintiffs and, therefore, Plaintiff is entitled to recover punitive damages in addition to emotional damages.

**WHEREFORE**, Plaintiffs, having complained of the Defendant, pray to this Honorable Court that Plaintiffs be awarded all actual, consequential and special damages as described herein as well as punitive damages and any further relief this Court deems just and proper.

PLAYER LAW FIRM, LLC

s/Tucker S. Player, Esq.
SC Bar No. 16217
512 Village Church Drive

ELECTRONICALLY FILED - 2022 Sep 09 2:44 PM - HORRY - COMMON PLEAS - CASE#2022CP2605734

ELECTRONICALLY FILED - 2022 Sep 09 2:44 PM - HORRY - COMMON PLEAS - CASE#2022CP2605734

                                                     Chapin, SC 29036
                                                     (803) 315-6300
                                                     (803) 772-8037 (FAX)

Chapin, South Carolina
September 9, 2022